IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 7:07-1467-TMC |
| v. | **OPINION & ORDER** |
| Terrance Nevar Jennings, | |
| Movant. | |

This matter is before the court on Terrance N. Jennings' ("Jennings'") motion to appoint counsel and to modify his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"). For the following reasons, this motion is denied.

On June 25, 2008, Jennings pled guilty to one count of conspiracy to possess with the intent to distribute five kilogams or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(A). On November 14, 2008, United States District Judge Henry F. Floyd sentenced Washington to 120 months imprisonment, followed by five years of supervised release. On January 28, 2010, Judge Floyd reduced Jennings' sentence to 80 months. Jennings did not appeal his conviction and sentence. He filed this motion on December 5, 2011.

## DISCUSSION

The basis for Jennings' motion is a request to be re-sentenced with the benefit of the Fair Sentencing Act of 2010 ("FSA"). The FSA, however, is not retroactive. *See United States v. Bullard*, ––– F.3d –––, No. 09–5214, 2011 WL 1718894, at * 10 (4th Cir. May 6, 2011). Furthermore, Jennings is not entitled to a sentence reduction pursuant to 18 U.S.C. ¶ 3582(c)(2).

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"

*United States v. Hood*, 556 F.3d 226, 231 (4th Cir.2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). However, a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision ( e.g., a statutory mandatory minimum term of imprisonment)".

Amendment 750 to United States Sentencing Guideline § 2D1.1(c) adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G.App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). Because Jennings' current sentence of 80 months is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather is based on the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841, Jennings is not entitled to a sentence reduction pursuant to § 3582(c)(2). *See United States v. Hood*, 556 F.3d 226, 228 (4th Cir. 2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines). *See also United States v. Sykes*, 658 F.3d at 1140, 1146 (9th Cir.2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.). Therefore, Jennings' Motion for Modification of his Sentence and for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
January 27, 2012

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.