IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America | ) Cr. No. 7:07-1467-HMH |
| | ) |
| v. | ) |
| | ) **OPINION & ORDER** |
| Terron Jamar Watson, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Terron Jamar Watson's ("Watson") pro se motion for specific performance of plea agreement, alleging that the Government has acted in bad faith in failing to file a Rule 35(b) motion to reduce his sentence based on his substantial assistance as promised. The instant motion was filed on May 3, 2010. This case was transferred from the Honorable Henry F. Floyd to the undersigned on November 30, 2011. The Government was ordered to respond to this motion on December 5, 2011, and the Government filed its response on January 25, 2012. Watson has submitted materials in support of his motion and has been provided an opportunity to submit additional materials in reply to the Government's response.

In the instant case, Watson was indicted for conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. While on bond, Watson absconded on December 5, 2007 leaving his residence without permission and removing his electronic monitor. He remained a fugitive until he was arrested on March 24, 2008. After his March 24, 2008 arrest, Watson was indicted in a new criminal case, 7:08-662-HMH, for gun and drug charges, and the new criminal case was assigned to the undersigned.[1]

---

[1] Watson pled guilty on October 21, 2008, and was sentenced to 180 months' imprisonment to be served concurrently with his sentence in this case.

1

Watson pled guilty to the charges in the instant case on April 7, 2008. At the sentencing hearing on June 25, 2008, the Government moved for a downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines ("USSG"). Watson's guideline range was 360 months to life. The Honorable Henry F. Floyd granted the Government's motion and sentenced Watson to 212 months' imprisonment. After his sentencing, Watson alleges that in exchange for testifying against a co-defendant, Latrone Hicks ("Hicks"), the Government promised him that he would receive a Rule 35(b) reduction in his sentence for his cooperation. (Mot. Specific Performance 2.) Watson testified against Hicks in February 2009. (Id.) Also, Watson submits that he performed controlled drug buys from co-defendants, Demetrius Martin and Jamie Teasly, at the request of agents in 2008. (Id.) In addition, Watson alleges that he was requested to testify in the trial of Ken Manigan, 7:08-112-HFF, who pled guilty to conspiracy to murder a federal law enforcement officer in part because of Watson's cooperation. (Id. at 2-3.) Watson's plea agreement provides that

> [p]rovided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines § 5K1.1 . . . or Federal Rule of Criminal Procedure 35(b).

(Plea Agreement ¶ 9.) Further, during the trial of Hicks, Watson testified as follows:

> Q. And you've been sentenced?
> A. Yes, ma'am.
> . . . .
> Q. 365 months. Is that the sentence the judge gave you?
> A. No, gave me 212 months.
> . . . .
> Q. What reason - did I make a motion on your behalf?
> A. Yes, ma'am.

2

> Q. And what was that motion for?
> A. To – if I could cooperate to any - - anyone who went to trial, I would have to give my truthful statement of what went on with the conspiracy.
> Q. And you have testified previously; is that correct?
> A. Yes, ma'am.

(Hicks' October 27, 2008 Trial Tr. at 204.)

The Government alleges that Watson's plea agreement provides for one motion for downward departure based on substantial assistance. (Gov't Mem. Resp., generally.) Therefore, the Government submits that it has fulfilled its promise to seek a sentence reduction based on Watson's cooperation because, in fact, Watson received a sentence reduction pursuant to a § 5K1.1 motion at sentencing. In support, the Government has provided the affidavit of the former Assistant United States Attorney, Regan Pendleton, who was the prosecutor in this case. She states that

> at no time did I ever tell, promise, or indicate to Mr. Watson that I would seek an additional reduction of his sentence through a Rule 35 Motion or otherwise. Nor did I instruct any other officer/agent to tell, promise, or indicate to Mr. Watson that I would seek an additional reduction of his sentence through a Rule 35 Motion or otherwise.

(Gov't's Mem. Resp. Ex. 1 (Pendleton Aff. 2-3).) Further, the Government states that Watson's claim that he made controlled drug buys at the request of agents in 2008 is without merit because he was a fugitive from December 2007 until March 2008 and has remained incarcerated since his arrest in March 2008. (Id. 5.) Finally, the Government submits that Manigan's co-defendant had agreed to testify against him and "[i]f Watson was a potential witness for the Government in that case, he overemphasizes his importance." (Id.)

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but

generalized allegations of improper motive [for not filing a Rule 35(b) motion]." Wade v. United States, 504 U.S. 181, 186 (1992). A defendant must make a "substantial threshold showing" of improper motive for not filing a Rule 35(b) motion to warrant an evidentiary hearing. Id. "[The Fourth Circuit] has followed the Supreme Court's lead and strictly interpreted the *Wade* exceptions, holding that the decision not to make a downward departure motion is properly within the government's discretion." United States v. Butler, 272 F.3d 683, 686 (4th Cir.2001). Thus, unless the movant makes a threshold showing that the Government's refusal to file a motion is based on an unconstitutional motive such as race or religious animus, or is not rationally related to a legitimate governmental end, the court is without authority to review the Government's discretionary decision not to file a Rule 35(b) motion. See id.

Watson has failed to show that the Government promised to file a subsequent Rule 35(b) motion. In fact, Watson's testimony during Hicks' trial contradicts his position. As set forth above, as promised by the Government in his plea agreement, Watson received a § 5K1.1 downward departure at sentencing for his cooperation. Further, there is no evidence that the Government acted with an unconstitutional motive in not filing a Rule 35(b) motion for substantial assistance subsequent to Watson receiving a downward departure at sentencing.

It is therefore

**ORDERED** that Watson's motion, docket number 1663, is denied.  Further, it is

**ORDERED** that Watson's motion for an extension of time and to compel, docket number 1831, is denied.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
February 15, 2012

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified of his right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.